# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3765-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

S.M.C. and Y.A.K.,[1]

     Defendants-Appellants.

_____

     Argued March 2, 2022 – Decided March 29, 2022

     Before Judges Hoffman, Whipple, and Geiger.

     On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 21-01-0038.

     Remi L. Spencer argued the cause for appellant S.M.C. (Spencer & Associates, LLC, attorneys; Remi L. Spencer, of counsel and on the briefs).

     Law Offices of Brian J. Neary, attorneys for appellant Y.A.K., join in the brief of appellant S.M.C.

---

[1] We use initials or pseudonyms to protect the victims. Appellants are charged with child sexual abuse offenses. See R. 1:38-3(c)(9).

Angela Halverson, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Angela Halverson, on the brief).

PER CURIAM

On leave granted, defendant S.M.C. appeals from a July 15, 2021 interlocutory order granting the State's motion to compel defendants to provide passcodes for fourteen devices. Because the trial court did not determine whether the foregone conclusion exception applies as to each defendant and as to each device consistent with State v. Andrews, 243 N.J. 447 (2020), we reverse and remand for an evidentiary hearing.

We are informed by facts from the record. Defendants S.M.C. and Y.A.K. shared an apartment in Jersey City. Y.A.K. was a vice president of information of technology for UPS, designed his own app, and "is very computer fluent, literate, [and] has multiple layers of encryption on his devices."

In April 2020, while borrowing Y.A.K.'s laptop and accessing his password-protected iCloud account, Z.K., another female romantic partner of Y.A.K., discovered sexually explicit videos, photographs, and text messages involving the defendants and R.K., Y.A.K.'s biological son and S.M.C.'s stepson who was twelve years old at the time. The material included multiple

photos of S.M.C. performing fellatio on R.K.; photographs of S.M.C. engaging in sexual penetration with a pre-pubescent male child, showing a date stamp of June 2017 and a geo-location of Jersey City; multiple videos of Y.A.K. masturbating R.K.; and a text conversation dated December 6, 2019, between defendants in which Y.A.K. sent S.M.C. a video of him masturbating R.K. Z.K. downloaded the material to an external hard drive and gave it to the police. R.K. later told police that the defendants sexually assaulted him on multiple occasions and that Y.A.K. showed R.K. and his younger brother H.K. pornography.

In addition, the State alleges the following facts. R.K. told police that S.M.C. and Y.A.K. made him have sex with them on multiple occasions between 2017 and 2020. These alleged assaults happened in Jersey City and at R.K.'s paternal grandparents' (Y.A.K.'s parents') home in Paramus. H.K. disclosed that on one occasion at Y.A.K.'s parents' home in Paramus, Y.A.K. brought R.K. and H.K. to the basement bathroom, played pornographic videos on a cell phone, and told them to pull their pants down and "play with themselves." S.M.C. was Y.A.K.'s "first wife," and Z.K. was Y.A.K.'s "second wife." Y.A.K. previously gave Z.K. the passcode to his iCloud account.

3

On May 6, 2020, defendants were arrested and charged with various child sexual abuse-related offenses. That same day, the court approved warrants to search defendants' apartment in Jersey City and S.M.C. and Y.A.K. for electronic devices and electronic storage devices. The State found several Apple iPhones and iPads, one Apple laptop, several additional cell phones, a Cannon digital camera, four gaming consoles, two drones, an HP laptop, two Apple watches, an Apple iPod, a Go Pro, a tape recorder, an unopened Dell computer, keys for vehicles, currency, and various electronic storage devices. On May 25, 2020, the court granted communications data and search warrants for the devices.

A grand jury returned indictments charging S.M.C. and Y.A.K. S.M.C. was charged with: (1) first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(l); (2) first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3); and (3) second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(l). Y.A.K. was charged with: (1) first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(l); (2) first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(a); first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3); (3) second-degree sexual assault, N.J.S.A. 2C:14-2(b); (4) second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(l);

4

(5) second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a)(i); and (6) third-degree criminal sexual contact, N.J.S.A. 2C:14-3(a).

By supplementary report dated March 26, 2021, the state listed sixteen devices protected by unknown passcodes that it was unable to access. Thereafter, the State moved for an order requiring disclosure of passwords for fourteen devices, which included eight Apple iPhones, five Apple iPads, and an HP laptop. Defendants opposed the motion.

During the motion hearing, the State disclosed it gained access to some of the fourteen devices. On July 15, 2021, the court entered an order granting the State's motion to compel defendants to enter the passcodes for fourteen electronic devices seized pursuant to the May 27, 2021 search warrant. These fourteen devices are described as follows:

> 1. HCPO Evidence Item 13
> Apple iPhone A2160 (pink)
> Recovered from kitchen table at [] Grove Street
>
> 2. HCPO Evidence Item 14
> Apple iPhone A2161 (black)
> Recovered from under coffee table in living room of
> [] Grove Street
>
> 3. HCPO Evidence Item 16
> Apple iPad A1455 (silver)
> Recovered from chair in living room of [] Grove

5

Street

4. HCPO Evidence Item 18
Apple iPhone A1921 (rose gold)
Recovered from chair in living room of [] Grove
Street

5. HCPO Evidence Item 19
Apple iPhone A1688 (pink)
Recovered from under TV in living room of [] Grove
Street

6. HCPO Evidence Item 23
Apple iPhone A1533 (silver and black)
Recovered from under TV in living room of [] Grove
Street

7. HCPO Evidence Item 32
Apple iPhone A2161 (silver)
Recovered from side table in living room of [] Grove
Street

8. HCPO Evidence Item 36
HP laptop
Recovered from bedroom 1 of [] Grove Street

9. HCPO Evidence Item 37
Apple iPad (silver)
Recovered from bedroom 1 of [] Grove Street

10. HCPO Evidence Item 39
Apple iPad A2069 (black)
Recovered from bedroom 2 of [] Grove Street

11. HCPO Evidence Item 50
Apple iPhone Al865 (white)
Recovered from bedroom 2 of [] Grove Street

12. HCPO Evidence Item 53
Apple iPad A2014 (orange)
Recovered from bedroom 2 of [] Grove Street

13. HCPO Evidence Item 93
Apple iPhone A1387
Recovered from bedroom at [] Bailey Road, Paramus

14. HCPO Evidence Item 95
Apple iPad A1709
Recovered from bedroom at [] Bailey Road, Paramus

In its accompanying written opinion, the motion court relied upon Andrews wherein the Supreme Court wrote: "where ownership and control of an electronic device is not in dispute, its passcode is generally not substantive information, is not a clue to an element of or the commission of a crime, and does not reveal an inference that a crime has been committed," 243 N.J. at 483. The motion court thus concluded: "[u]nder those conditions, a court may order a defendant to disclose his passcode to his passcode-protected cell [] phone, without violating the Fifth Amendment's self-incrimination privilege. Even though that act is testimonial, it is permissible under the foregone conclusion test." The court rejected the notion that ownership of the devices was dispositive of the issue "because control and possession should logically supersede ownership with regard to physical evidence of crimes."

7

The motion court explained that the State's evidence already included multiple photos, some of which were dated June 2017 with a geo-location of Jersey City, multiple videos, and a text conversation between defendants in which Y.A.K. sent S.M.C. a video of him masturbating R.K. The court noted the devices can record videos, take photographs, and transmit the material, and defendants "directly participated in recording as well as transmitting and receiving images and video of alleged child pornography with each other." Thus, the court found that the evidence "clearly indicates" that the defendants possessed the devices in their home, shows that S.M.C. "never affirmatively disputed ownership" of the devices, and is "compelling" that both defendants constructively possessed the devices. The court added that the evidence would permit a jury to find that S.M.C. knew about the devices in her home and had the intent and ability to exercise physical control over them. A jury could also find a reasonable person would not abandon such devices that are valued individually in the $1,000 range and collectively approximately $14,000. In sum, the court suggested defendants' "previous possession and operation" of the devices, and the valid search warrants and "record evidence of the particular content," Andrews, 243 N.J. at 481, was sufficient to compel defendants to provide passcodes to all of the devices.

8

A-3765-20

Second, the court concluded that the "State established that the act of compelling production of these passcodes falls within the foregone conclusion exception," thereby overcoming the presumptive protection of the Fifth Amendment. The court noted that evidence establishes that the passcodes exist and self-authenticate, defendants possessed the devices when the State seized them, and defendants used the devices they possessed to allegedly commit the charged offenses.

Finally, the court rejected S.M.C.'s argument that the State seeks to compel her to not only provide passcodes, but also identify which devices are hers. The court concluded "the State establishe[d] that [S.M.C.] possessed each of these devices by the nature of the seizure made within her home." Thus, the court granted the State's motion to compel both defendants to provide passcodes to the fourteen devices.

On August 2, 2021, the court granted S.M.C.'s request for a stay pending the outcome of her notice of motion for leave to file an interlocutory appeal. We granted S.M.C.'s motion for leave to appeal. This appeal followed.[2]

S.M.C. raises the following issues on appeal.

---

[2] At oral argument the State disclosed it had used proprietary software to unlock a number of devices but did not identify which. Thus, notwithstanding the fluid nature of the State's investigation, our determination herein applies to those devices still subject to the court's August 2, 2021 order.

POINT I:
THE FIFTH AMENDMENT OF THE UNITED
STATES CONSTITUTION AND NEW JERSEY'S
PRIVILEG[E] AGAINST SELF-INCRIMINATION
PRECLUDE ENTRY OF AN ORDER COMPELLING
DEFENDANTS TO IDENTIFY WHICH DEVICE, IF
ANY OF THE [FOURTEEN], WAS ONE THAT HE
OR SHE POSSESSED, AND THEN PROVIDE THE
PASSWORDS TO SUCH DEVICES.

. . . .

C.  The State Has Presented No Evidence to Warrant
Application of the Foregone Conclusion Exception.

D.  Constructive Possession is Inapplicable.

POINT II:
WHERE THERE IS NO EVIDENCE TO
ESTABLISH WHETHER EITHER OR BOTH
DEFENDANTS HAS/HAVE ACCESS TO ANY OR
ALL OF THE DEVICES, COMPLIANCE WITH THE
COURT'S ORDER MAY BE IMPOSSIBLE AND
ENFORCEMENT UNJUST.

POINT III:
S.M.C.'S SILENCE MAY NOT BE USED
AGAIN[S]T HER TO INFER ANYTHING.

The Fifth Amendment to the United States Constitution provides that
"[n]o person shall be compelled in any criminal case to be a witness against
himself."  U.S. Const. Amend. V.  A person cannot be required to incriminate
herself by her "own compelled testimonial communications."  Fisher v. United
States, 425 U.S. 391, 409 (1976).  A statement is testimonial if it "reveal[s],

10

directly or indirectly [one's] knowledge of facts" or "disclose[s] the contents [of one's own mind]." Doe v. United States, 487 U.S. 201, 211 (1988).

The privilege against self-incrimination includes incriminatory testimony given in court and other forced testimony that "would furnish a link in the chain of evidence needed to prosecute the claimant." United States v. Hubbell, 530 U.S. 27, 38 (2000) (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)). The "accused has the right to remain silent and no negative inference can be drawn against him or her for maintaining that silence." State v. Scherzer, 301 N.J. Super. 363, 435-36 (App. Div. 1997).

> [A]ctions that do not require an individual "to disclose any knowledge he might have" or "to speak his guilt" are nontestimonial and therefore not protected by the Fifth Amendment . . . . Accordingly, criminal defendants may lawfully be compelled to display their physical characteristics and commit physical acts because the display of physical characteristics is not coterminous with communications that relay facts.
>
> [Andrews, 243 N.J. at 465-66.]

In New Jersey, "the foregone conclusion test applies to the production of the passcodes themselves, rather than to the phones' contents." Id. at 479. Unlike a physical act, "[a] cell [] phone's passcode is analogous to the combination to a safe, not a key. Communicating or entering a passcode requires facts contained within the holder's mind -- the numbers, letters, or

11

symbols composing the passcode.  It is a testimonial act of production."  Id.  at 478.

However,

> Even production that is of a testimonial nature can be compelled if the [g]overnment can demonstrate it already knows the information that act will reveal -- if, in other words, the existence of the requested documents, their authenticity, and the defendant's possession of and control over them -- are a "foregone conclusion."
>
> [Id.  at 471.]

>          . . . .

> Although that act of production is testimonial . . . passcodes are a series of characters without independent evidentiary significance and are therefore of "minimal testimonial value" -- their value is limited to communicating the knowledge of the passcodes. Thus, although the act of producing the passcodes is presumptively protected by the Fifth Amendment, its testimonial value and constitutional protection may be overcome if the passcodes' existence, possession, and authentication are foregone conclusions.
>
> [Id. at 480 (citations omitted).]

Under these circumstances, requiring a defendant to disclose the passcode to his phone "does not convey any implicit factual assertions about the 'existence,' or 'authenticity' of the data on the device."  State v. Andrews, 457 N.J. Super. 14, 23 (App. Div. 2018), aff'd, 243 N.J. 447 (2020) (citing Doe, 487

12                                                                    A-3765-20

U.S. at 215-16). Thus, under federal and state law, the government may compel a defendant to disclose their passcode. Andrews, 243 N.J. at 485.

"A person constructively possesses an object when, although he lacks physical or manual control, the circumstances permit a reasonable inference that he has knowledge of its presence and intends and has the capacity to exercise physical control or dominion over it during a span of time." State v. Spivey, 179 N.J. 229, 236-37 (2004) (citing State v. Schmidt, 110 N.J. 258, 270 (1988)). Multiple persons can have joint possession of an object "when they 'share actual or constructive knowing possession of' that object." State v. Morrison, 188 N.J. 2, 14 (2006).

However,

> [A] [d]efendant's mere presence at or near a place where [contraband] is/are discovered is not in itself, without more, proof beyond a reasonable doubt that defendant was in constructive possession of [that contraband]. It is, however, a circumstance to be considered with the other evidence in determining whether the State has proven possession of the [contraband] beyond a reasonable doubt.
>
> Where defendant is one of the persons found in the area where [contraband] is/are discovered, you may not conclude, without more, that the State has proven beyond a reasonable doubt that he/she had possession of the [contraband] unless there are other circumstance(s) tending to permit such an inference to be drawn. Such evidence can include, but is not

13

limited to [choose as appropriate]: placement and accessibility of the [contraband]; defendant's access to and connection with the place where the [contraband] was/were found; his/her proximity to the place where the [contraband] was/were found; his/her demeanor when confronted by police after the [contraband] was/were found; whether defendant made any inculpatory statements after the [contraband] was/were found; whether defendant possessed other [contraband] on his/her person or property when the [contraband] was/were found; [any other evidence deemed part of the totality of circumstances].

[Model Jury Charges (Criminal), "Possession (N.J.S.A. 2C:2-1)" (rev. June 11, 2018) (citations omitted).]

We defer to a trial court's evidentiary ruling absent an abuse of discretion. State v. Garcia, 245 N.J. 412, 430 (2021). We review the trial court's evidentiary rulings "under the abuse of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion.'" State v. Prall, 231 N.J. 567, 580 (2018) (quoting Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010)). Under that deferential standard, we "review a trial court's evidentiary ruling only for a 'clear error in judgment.'" State v. Medina, 242 N.J. 397, 412 (2020) (quoting State v. Scott, 229 N.J. 469, 479 (2017)). "Thus, we will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice resulted.'" Griffin v. City of E. Orange,

14

225 N.J. 400 (2016) (quoting <u>Green v. N.J. Mfrs. Ins. Co.</u>, 160 N.J. 480, 492 (1999) (internal quotation marks and citation omitted)).

Our careful review of the record and applicable legal principles convinces us that the trial court erred in granting the State's motion to compel defendants to enter passcodes for the fourteen devices at issue.

First, the court made a "clear error in judgment," <u>Medina</u>, 242 N.J. at 412, in applying the principles of constructive possession to determine that the foregone conclusion exception applies to all fourteen devices. For the foregone conclusion exception to apply, the State must demonstrate "the existence of the requested documents, their authenticity, and the defendant's possession of and control over them." <u>Andrews</u>, 243 N.J. at 471. We conclude that under the circumstances presented here, mere joint constructive possession is insufficient to satisfy the "possession and control" requirement under <u>Andrews</u>.

An individual may have constructive possession of an object if, while they do not have actual or manual possession, they have "the capacity to exercise physical control or dominion over [an object] during a span of time." <u>Spivey</u>, 179 N.J. at 236-37. Likewise, two individuals may have joint possession of an object when they share constructive possession of it.

Morrison, 188 N.J. at 14.  For example, two passengers in a vehicle may have joint constructive possession of a firearm or drugs that are within reaching distance of each passenger.

However, defendants' joint constructive possession of a cell phone, without more, does not meet Andrews's "possession and control" prong.  A cell phone is distinguishable from a firearm or drugs because a passcode is needed to access and operate it.  While the same two passengers in our earlier example may be able to physically pick up a cell phone and can be said to have joint constructive possession of it, one or both passengers may not be able to operate or control it unless they know the passcode.  Moreover, unlike a firearm or drugs, a cellphone or other electronic device is not prima facie contraband.  Only the passcode protected contents of the device are illegal.

Applying these principles to this case, the State has not met its burden in demonstrating each defendant controlled or operated each of the fourteen devices here.  The trial court wrote "the record before this [c]ourt establishes that [S.M.C.] and [Y.A.K.] used the electronic devices they possess[ed] to allegedly commit the charged offenses."  But the trial court accepted without inquiry that the photos, videos, and text messages originated from or was stored in all fourteen devices.  The record does establish that photographs and

16

videos were taken and transmitted, text messages were exchanged, and the police obtained evidence of these materials from photographs and videos that Z.K. took of Y.A.K.'s iCloud account accessed on his laptop. However, no evidence shows which specific devices each defendant probably used to commit the charged offenses.

Second, because the State did not establish the "possession and control" Andrews prong as to all fourteen devices, the trial court erred in entering the order compelling S.M.C. to enter passcodes on each device. Compelling S.M.C. to enter passcodes would not entail "minimal testimonial value." Andrews, 243 N.J. at 480. Rather, if S.M.C. enters passcodes for any device for which the State has not established she controlled, S.M.C. will incriminate herself by testifying as to her knowledge of the passcodes. This "disclosure of [] passcode[s] is evidence of ownership and control of a cell [] phone and its contents." Id. at 482. Thus, the court's order would force S.M.C. to supply an element of the foregone conclusion exception that the State is required to prove.

Third, the trial court erred in drawing a negative inference against S.M.C. for not affirmatively disputing ownership of the devices. Scherzer, 301 N.J. Super. 363. Unlike Andrews, which involved only one defendant whose

ownership, possession, and control of two cell phones were undisputed, 243 N.J. at 480-81, neither defendant here admit ownership, possession, or control of all fourteen devices. Both defendants have invoked their Fifth Amendment right to remain silent, and the State has the burden to establish the elements.

Finally, the trial court's order was overbroad because the State conceded at the hearing that it gained access to two devices. Therefore, the trial court erred in entering the order as to all fourteen devices, rather than to, at most, the twelve devices that the State could not access.

We reverse and remand for an evidentiary hearing with instructions to comply with the principles set forth in Andrews as to each defendant and as to each device the State has not accessed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3765-20